UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO ALCARAZ,<br><br>Plaintiff,<br><br>v.<br><br>KMF OAKLAND LLC, et al.,<br><br>Defendants. | Case No. 18-cv-02801-SI<br><br>**ORDER DENYING IN PART AND GRANTING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 51 |

Before the Court is a motion by defendant Altezza Condo LLC ("Altezza") to dismiss the second amended complaint in its entirety ("Motion to Dismiss"). This motion is scheduled for hearing on December 6, 2019. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing.

Having considered the papers submitted and for good cause shown, the Court DENIES defendant's motion to dismiss in part and GRANTS defendant's motion to dismiss in part. Additionally, the Court GRANTS defendant's request for judicial notice in its entirety.

**BACKGROUND**

As set forth in this Court's Order Granting Plaintiff's Application for a Temporary Restraining Order, this lawsuit arises from Mr. Alcaraz's assertion that, on account of his race, color, and/or national origin, defendants have refused to sell him the residence that he occupies. Dkt. No. 38 ("TRO"). Mr. Alcaraz alleges that defendant KMF Oakland LLC ("KMF") owned the 33-unit residential complex in Oakland where he and his family have resided since August 2010. Dkt. No. 23 ("SAC") ¶¶ 28, 34-35. He states that in mid-2015 tensions arose between himself and a new property manager on account of Mr. Alcaraz's Mexican citizenship and that his rent checks began

to be refused. SAC ¶¶ 38-48. In March 2016, KMF initiated unlawful detainer proceedings against Mr. Alcaraz in state court ("UD Action"). *Id.* ¶ 49; *see also* Dkt. No. 50 ("RJN") Exhibit 1 (UD Complaint, Case No. RG16807351). While those proceedings were pending, in June 2016, KMF sold the building where Mr. Alcaraz resides to defendant Altezza.[1] SAC ¶ 50. Plaintiff states that he made his July 2016 rent payment to the company designated by Altezza. *Id.* ¶¶ 53-55. Plaintiff alleges that he also inquired with personnel at this same company and was assured no trial would take place in the UD Action. *Id.* ¶¶ 57-59.

Mr. Alcaraz states that, based on this representation, he traveled internationally on business. *Id.* ¶ 60. Mr. Alcaraz alleges that KMF proceeded with the UD Action knowing he would not be present at trial. *Id.* ¶ 61. On August 1, 2016, in the unlawful detainer action, KMF secured a judgment of possession of the unit where Mr. Alcaraz resides. SAC ¶ 62; RJN Ex. 3 (UD Action Judgment). The judgment was affirmed on appeal. RJN Ex. 4 (UD Action Ruling on Appeal).

Mr. Alcaraz alleges that in late 2016, the units in the building where he resides began to be sold as condominiums but that "not one unit of the 33 units was sold to a buyer of Hispanic and/or Mexican origin." SAC ¶ 70. Mr. Alcaraz further states that in August and September 2016 he communicated with a firm representing Altezza and they offered Mr. Alcaraz the opportunity to buy his unit at the sales price of $630,000 and that Mr. Alcaraz accepted. *Id.* ¶¶ 76-78. The sale did not take place, and in January, 2018 Mr. Alcaraz sued Altezza in state court for breach of contract and promissory estoppel ("Contract Action"). *Id.* ¶ 83; *see also* RJN Ex. 2 (Contract Action Complaint, Case No. RG18890767). In the Contract Action, Mr. Alcaraz did not allege that defendants refused to complete the sale on account of his race, color, and/or national origin. *Id.*; *see also* Dkt. No. 51-1 at 10[2] ("Motion to Dismiss").

In March 2019, Altezza prevailed in the Contract Action on a motion for summary judgment. SAC ¶ 85; RJN at 29-30 (Ex. 5 – Order Granting Motion for Summary Judgment). In granting

---

[1] Altezza admits that the sale occurred "in or around June 28, 2016." Dkt. No. 35 ("Answer") ¶ 50.

[2] For ease of reference, all citations to page numbers refer to the ECF branded number in the upper right corner of documents.

summary judgment, the Alameda Superior Court noted that plaintiff did not file an opposition to Altezza's motion or identify contrary evidence. RJN at 29-30 (Ex. 5 – Order Granting Motion for Summary Judgment). Mr. Alcaraz's failure to oppose Altezza's summary judgment motion served as grounds to grant it. *Id.* Mr. Alcaraz appealed the dismissal of his case.[3] Dkt. No. 60 ("Plaintiff's Opp'n") at 1; dkt. no. 60-1 (Notice of Appeal).

On May 11, 2018, Mr. Alcaraz, acting *pro se*, filed the present lawsuit in this Court against defendant KMF. Dkt. No. 1. On November 21, 2018, Mr. Alcaraz filed a first amended complaint, adding claims against KMF for intentional interference with prospective economic relations, negligence, and injunctive relief. Dkt. No. 9. On July 22, 2019, with the Court's permission, Mr. Alcaraz filed a second amended complaint, adding Altezza as a defendant, and removing the claims for intentional interference with prospective economic relations and negligence. *See generally* SAC. The remaining claims are for violation of the federal Fair Housing Act (First Claim for Relief), violation of the Fourteenth Amendment right to Due Process (Second Claim for Relief), and injunctive relief (Third Claim for Relief). *Id.* Altezza filed an answer to the second amended complaint on October 4, 2019. *See generally* Answer.

On November 1, 2019, with the Court's permission, Altezza filed a motion to dismiss the Second Amended Complaint and a Request for Judicial Notice. Dkt. Nos. 51 (Motion to Dismiss), 50 (RJN).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted

---

[3] While Mr. Alcaraz's appeal was dismissed due to his failure to pay the filing fee, the appellate court vacated the dismissal and Mr. Alcaraz paid the fee on August 12, 2019. *Alcaraz v. Altezza Condo, LLC*, Case No. A157329.

3

unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 544, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

In deciding whether the plaintiff has stated a claim, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in his or her favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

Although *res judicata* and collateral estoppel are affirmative defenses, a Rule 12(b)(6) motion is an appropriate motion in which to raise these defenses when the defenses raise no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

**DISCUSSION**

**I. Application of *Res Judicata***

Under *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). *Res judicata* not only applies to questions that were actually litigated in a prior action; it also "bars all grounds for recovery *which could have been asserted*, whether they were or not, in a prior suit between the same parties . . . on the same

4

cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (emphasis added) (internal quotation marks omitted). A claim barred by *res judicata* requires "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotation marks and citations omitted).

Altezza argues that between this case and the Contract Action, the parties and claims are identical and that there is a final judgment on the merits. Motion to Dismiss at 9-10; Dkt. No. 62 ("MTD Reply") at 2-3. Plaintiff Mr. Alcaraz argues that because he appealed the Contract Action, there is no final judgment on the merits. Plaintiff's Opp'n at 1.

### A. Final Judgment on the Merits

Altezza argues that the court's summary judgment dismissal of plaintiff's claims in the Contract Action is a final judgment on the merits for *res judicata* purposes. MTD Reply at 2-3. Altezza acknowledges plaintiff's appeal of summary judgment, but argues that "[Mr. Alcaraz] filed an improper appeal" because he "appealed the order granting [Altezza's] motion for summary judgment." *Id.* at 3 (emphasis in original). The Court is not persuaded by these arguments.

The Contract Action lacks a final judgment on the merits. Under California law, a judgment becomes final for *res judicata* purposes once it is free from direct attack, *e.g.*, when direct review concludes or the time to appeal lapses. *See generally Busick v. Workmen's Comp. Appeals Board*, 7 Cal. 3d 967, 974 (Cal. 1972). Mr. Alcaraz appealed the order granting summary judgment in the Contract Action,[4] and, with payment of the filing fee on August 20, 2019, the appeal remains pending in the First District Court of Appeal. Dkt. No. 60-1 (Notice of Appeal); *see also Alcaraz v. Altezza Condo, LLC*, Case No. A157329. Altezza focuses on the impropriety of Mr. Alcaraz's appeal, arguing appellate jurisdiction is lacking because Mr. Alcaraz appealed the order granting

---

[4] Altezza does not argue that the Unlawful Detainer Action precludes the instant action. Regardless, due to their summary nature, unlawful detainer proceedings have limited *res judicata* effect. *Madrid v. KMF Fremont, LLC*, No. 11-CV-05804 NC, 2012 WL 12883829, at *3 (N.D. Cal. Apr. 19, 2012).

summary judgment (rather than the judgment itself). Motion to Dismiss at 9, MTD Reply at 3. Regardless, it appears the court entered a final judgment in the Contract Action on October 23, 2019, which Mr. Alcaraz appealed on November 22, 2019. *Alcaraz v. Altezza Condo, LLC*, Case No. RG18890767. In the absence of a final judgment, *i.e.*, one free from direct attack, the Court cannot find that *res judicata* applies, and the motion to dismiss must therefore be denied.

### B. Identity of Claims

Altezza argues that the claims of the Contract Action are identical to those in the present case because the "facts alleged pertaining to [Altezza] are identical to those alleged in the [Contract] Action." Motion to Dismiss at 10. In essence, Altezza argues that the "nucleus of facts is the same" between this case and the Contract Action and Mr. Alcaraz's "new assertion – that the refusal to sell the [unit] was based on racial discrimination – could and should have been asserted in the [Contract] Action." *Id.*

The Court disagrees and finds no identity of claims between the instant case and the Contract Action. In deciding whether there is an identity of claims, four criteria are applied:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011) (internal quotation marks and citations omitted). The fourth criterion is the most important. *Id.* at 1151. "In determining whether two events are part of the same transaction, courts consider whether they are 'related to the same set of facts and whether they could conveniently be tried together.'" *United States v. Banco Internacional/Bital, S.A.*, 110 F. Supp. 2d 1272, 1276 (C.D. Cal. 2000) (citing *Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993)).

Section 3604(a) of the Fair Housing Act ("FHA") makes it unlawful to "refuse to sell or rent . . . or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C.

§ 3604(a). The FHA should be "interpreted broadly to effectuate its purposes." *Hous. Rights Ctr. v. Donald Sterling Corp.,* 274 F. Supp. 2d 1129, 1137 (C.D. Cal. 2003). "While '§ 3604(a) does not reach every event that might conceivably affect the availability of housing,' it 'is designed to ensure that no one is denied the right to live where they choose for discriminatory reasons.'" *Id.* at 1190 (citation omitted).

Mr. Alcaraz alleges that Altezza engaged in a variety of discriminatory practices, including refusing to sell, rent, or negotiate the sale or rental of his residence, that effectively made his home unavailable to him within the meaning of § 3604(a). For instance, Mr. Alcaraz alleges that his tenancy proceeded without incident until mid-2015, when tensions arose between Mr. Alcaraz and the then property manager. SAC ¶ 39. Mr. Alcaraz alleges the property manager held a "disparaging sentiment" toward him because of Mr. Alcaraz's Mexican citizenship and viewed Mr. Alcaraz as "more suited for the maintenance of real estate" rather than ownership. *Id.* at ¶¶ 40-43. Mr. Alcaraz states that because of this animus, his rent checks began to be refused, and the unlawful detainer action initiated against him. *Id.* at ¶¶ 44-49. In fact, Mr. Alcaraz alleges that Altezza maintained the UD Action because of racial bias against Mexican citizens. *Id.* at ¶ 68.

These allegations demonstrate that the Contract Action and the present action do not involve the same claims. The Contract Action involved claims for breach of contract and promissory estoppel, not unlawful discrimination. SAC ¶ 83. There, the issues included whether Altezza or its agent offered to sell Mr. Alcaraz his unit, and whether Mr. Alcaraz accepted. *Id.* ¶¶ 76-78. By contrast, the present claims are premised on KMF and Altezza's alleged discriminatory acts towards Mr. Alcaraz during his tenancy, as well as acts taken in association with the potential sale of his unit. Moreover, as Altezza acknowledges, Mr. Alcaraz never raised unlawful discriminatory housing practices in either the Contract or UD Action. Motion to Dismiss at 10.

Because the claims in the present lawsuit are not the same as those previously litigated in the Contract Action, they are not barred by *res judicata*.[5]

---

[5] In the alternative, Altezza argues collateral estoppel precludes Mr. Alcaraz from litigating issues decided in the Contact Action. Motion to Dismiss at 11. Collateral estoppel differs from *res judicata* in that it "bars relitigation of an issue actually litigated and necessarily decided in prior litigation." *Morris v. Blank*, 94 Cal. App. 4th 823, 830 (2001). Altezza does not identify any issues

## II. Failure to State a Claim

Altezza also moves to dismiss the operative complaint for failing to state a claim. Motion to Dismiss at 11-14. In particular, Altezza argues that Mr. Alcaraz fails to state a claim under the federal FHA and for violation of due process under the Fourteenth Amendment. *Id.* Altezza also seeks dismissal of Mr. Alcaraz's third claim for injunctive relief. *Id.*

### A. Fair Housing Act Claim

The Fair Housing Act makes it unlawful to

> **(a)** To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.
>
> **(b)** To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin. . . .

42 U.S.C. § 3604. Mr. Alcaraz appears to bring suit seeking relief under these provisions. SAC ¶¶ 1, 114.

Mr. Alcaraz makes a number of allegations that Altezza discriminated against him, including refusing to sell, rent, or negotiate the sale or rental of his residence, that effectively made his home unavailable to him. For instance, he alleges that all the units in the 33-unit residential complex have been sold as condominiums except his unit, and that none of the buyers are of Hispanic and/or of Mexican origin. SAC ¶¶ 71-72, 75. Mr. Alcaraz states that the individual who managed the property for KMF beginning in mid-2015 made a disparaging statement to Mr. Alcaraz due to his "being a Mexican citizen and in essence the 'type' of immigrant more suited for a lower level social status – certainly not a tenant in a newer construction condominium building and much less an owner of such premises" and that around that same time Mr. Alcaraz's rent checks started to be refused. *Id.* ¶¶ 40-44. This refusal of the rent checks ultimately formed the basis of the unlawful detainer action against Mr. Alcaraz. *Id.* at ¶ 68. Although the SAC's allegations could be more robust, the Court finds them sufficient to state a claim under 42 U.S.C. § 3604. Accordingly, defendant's motion to

---

actually litigated and necessarily decided in either the UD Action or the Contract Action and thus fails to meet its burden.

8

1  dismiss plaintiff's Fair Housing Act claims is DENIED.

### B. Claim for Violation of Due Process and Equal Protection

As part of his Second Claim for Relief, Mr. Alcaraz alleges defendants KMF and Altezza deprived him of a "due process right by deceiving [him] into believing that defendant KMF OAKLAND LLC was not proceeding with the unlawful detainer action when in fact it was proceeding." SAC ¶ 117. Mr. Alcaraz alleges liability pursuant to 42 U.S.C § 1983 because KMF and Altezza "attempted to and continue to attempt to use force under color of law (i.e. use of the Alameda County Sheriff's Office through its various individual Deputy Sheriffs) to remove [Mr. Alcaraz] from the premises that [he] has a protected right to pursuant to the federal Fair Housing Act." *Id.* ¶ 120.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Other than passing references to due process, equal protection, and the Fair Housing Act, Mr. Alcaraz fails to allege how his constitutional rights were violated. As such, the SAC fails to state a claim against either defendant under 42 U.S.C. § 1983 and should be DISMISSED without prejudice.

### C. Claim for Injunctive Relief

In addition to damages, Mr. Alcaraz requests injunctive relief for his FHA and Fourteenth Amendment claim. SAC¶¶ 123. Specifically, plaintiff seeks to enjoin defendants from "violating the provisions of the federal Fair Housing Act" and "continuing to seek to utilize the Alameda County Sheriff's Office . . . from removing [Mr. Alcaraz] by force" from his home. SAC, Prayer for Relief. Atezza argues that because the First and Second Claims fail, Mr. Alcaraz fails to state a claim injunctive relief. Motion to Dismiss at 14.

The Fair Housing Act allows courts to award injunctive relief, if appropriate. 42 U.S.C. § 3613(c)(1). Because the SAC pleads facts sufficient to support an FHA claim and the Act provides

for injunctive relief, the Court concludes the complaint states a claim for injunctive relief pursuant to the First Claim of Relief.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss with respect to plaintiff's First and Third Claims for Relief. The Court GRANTS defendant's motion to dismiss without prejudice with respect to plaintiff's Second Claim for Relief. Only plaintiff's Second Claim for Relief, is DISMISSED with leave to amend. Plaintiff must file an amended complaint no later than by January 3, 2020.

**IT IS SO ORDERED**.

Dated: December 5, 2019

SUSAN ILLSTON
United States District Judge