UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO ALCARAZ,<br><br>   Plaintiff,<br><br>   v.<br><br>ALTEZZA CONDO LLC,<br><br>   Defendant. | Case No. 18-cv-02801-SI<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 158 |

On July 12, 2023, plaintiff Bernardo Alcaraz, acting *pro se*, filed an ex parte application for a temporary restraining order to restrain defendant Altezza Condo LLC from moving forward with eviction proceedings against him. Dkt. No. 158. The Court held a hearing on the matter on July 14, 2023. Present at the hearing were Mr. Alcaraz; counsel for defendant; and one of Mr. Alcaraz's former pro bono attorneys, who is no longer with the firm that represented him. For the reasons stated at the hearing, the Court DENIES Mr. Alcaraz's application for a TRO.

**BACKGROUND**

Mr. Alcaraz states that defendant never followed through with selling him the subject property (in which he lives), which was a term of the parties' settlement agreement in January 2021. Mr. Alcaraz states that under the settlement agreement escrow was slated to close on March 8, 2021, but that he did not receive the closing documents from the title company until March 11, 2021. On March 12, 2021, defense counsel emailed Mr. Alcaraz to state that Mr. Alcaraz was in breach of the settlement agreement, that defendant would not sell the unit to him, and that he needed to vacate the premises immediately. Defendant disputes Mr. Alcaraz's version of events, though neither party disputes that Mr. Alcaraz did not deposit the funds into escrow at any point in March 2021 or thereafter.

In his TRO papers, Mr. Alcaraz states that he intends to file a noticed motion to enforce the settlement agreement. Mr. Alcaraz did not seek the assistance of this Court or of his former pro

bono counsel in March 2021 when the settlement apparently fell apart.[1] He did not contact the Court regarding the settlement or the eviction threat until this week.

**DISCUSSION**

As explained at the hearing, the Court is without jurisdiction to grant Mr. Alcaraz the relief he requests. On January 28, 2021, the parties filed a stipulation of voluntary dismissal with prejudice of plaintiff's claims against defendant, pursuant to Federal Rule of Civil Procedure 41(a). Dkt. No. 153. The Court signed off on the stipulation the following day. Dkt. No. 154. The stipulation does not retain the Court's jurisdiction to enforce the terms of the settlement agreement.

The Supreme Court has held that in situations such as these, the federal court is without jurisdiction: "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994). The current suit "involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute." *See id.* at 381. Absent the Court's retention of jurisdiction over the settlement contract or incorporation of the settlement contract into the dismissal order, which did not occur here, the Court is without jurisdiction to resolve the present dispute. *See id.* at 381-82.

Mr. Alcaraz must seek relief by filing a new lawsuit in state court, or in federal court if there is an independent basis for jurisdiction, such as diversity jurisdiction.

**IT IS SO ORDERED**.

Dated: July 14, 2023

_____
SUSAN ILLSTON
United States District Judge

---

[1] Pro bono counsel stated that their representation terminated in January 2021 once the parties had settled.